LEROY JEWELRY COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 84181.   Filed May 26, 1961.

*Jack White, Esq.*, for the petitioner.
*Wallace M. Wright, Esq.*, for the respondent.

DRENNEN, *Judge:* Respondent determined deficiencies in petitioner's income tax for its fiscal years ending June 30, 1956 and 1957, in the amounts of $2,145.36 and $22,437.93, respectively, and an addition to tax for the fiscal year 1957 in the amount of $1,121.90 under the provisions of section 6653(a) of the Internal Revenue Code of 1954. The parties have stipulated the amount of the deficiency for each year and the amount of the addition to tax for the fiscal year 1957 in the event the Court finds the addition to tax applicable. Thus, the only issue for decision is whether the addition to tax for negligence should be applied for the fiscal year 1957.

#### FINDINGS OF FACT.

The stipulation of the parties setting forth petitioner's income tax liability for each of the years ending June 30, 1956 and 1957, and the amount of the addition to tax for the fiscal year 1957 under section 6653(a), if applicable, is hereby adopted as a part of our findings.

Petitioner is a corporation organized under the laws of South Carolina, with its principal office in Charleston, South Carolina, and filed its income tax returns for its fiscal years ending June 30, 1956 and 1957, with the district director of internal revenue at Columbia, South Carolina.

At the time petitioner's return for the year ended June 30, 1957, was prepared and filed, the employee responsible for petitioner's bookkeeping was Mildred Wauhop. Mildred was first employed by petitioner on April 15, 1957. Prior to that time Mildred had been employed for 7 years by a wholesale meatpacking concern, presumably as a bookkeeper.

When she started to work for petitioner, Mildred was supposed to be assisted and indoctrinated by petitioner's former bookkeeper for a period of 1 month, but the former bookkeeper stayed only 4 days and Mildred received no other assistance or explanation of petitioner's bookkeeping system. She had to study it and understand it as best she could. She faced the immediate prospect of closing petitioner's books for the year ending June 30, 1957. In addition, Mildred was responsible for keeping the books of two separate but related corporations, whose fiscal years ended on September 30 and October 31, respectively.

Petitioner followed a procedure of purchasing all merchandise for sale by its own store and by the two related stores and then transferring a part of the merchandise to the two related stores at cost. All original purchases were supposed to be recorded on petitioner's books as purchases and the transfers to the other stores were supposed to be charged to the other stores and shown on petitioner's books as sales or accounts receivable. For the fiscal year 1957 all purchases were recorded on petitioner's books, but Mildred, either through inadvertence or through unfamiliarity with petitioner's bookkeeping system, failed to record $42,000 of the transfers to the related stores, and this amount failed to appear on petitioner's books as gross income for that year. The transfers were recorded on the books of the related corporations as purchases.

Petitioner did not employ accountants to audit its books and records. Petitioner's returns were prepared by petitioner's attorney from information taken from petitioner's unaudited books and records by the attorney and/or petitioner's bookkeeper. When completed, petitioner's return for the fiscal year 1957 was examined by the secretary of the company, who thought the return looked satisfactory on the basis of profit shown on total sales reported. The gross sales of petitioner's store for the fiscal year 1957 were "somewhat over two hundred thousand dollars."

The error in omitting $42,000 in transfers to the two related stores from petitioner's books and records and its return for the fiscal year 1957 was not discovered until petitioner's books were audited by agents of the Internal Revenue Service about 6 months to a year after the books were closed for the year.

At least a part of petitioner's underpayment of tax, resulting from the omission from petitioner's sales of merchandise sold to related stores in the amount of $42,000, was due to negligence.

OPINION.

Section 6653 provides that if any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. In the notice of deficiency respondent specifically determined that a part of the deficiency for the year ended June 30, 1957, was due to negligence. This determination is prima facie correct and casts the burden upon petitioner to prove that the imposition of the addition to tax is erroneous. *Ralph Romine*, 25 T.C. 859, 877; *David Courtney*, 28 T.C. 658, 669. This petitioner has failed to do.

Petitioner contends that the omission and resulting underpayment were due to an honest error in bookkeeping, which does not amount to negligence. We agree that the omission of the $42,000 in transfers from petitioner's books was due to an honest mistake by Mildred, but we do not think this excuses petitioner from its duty to file correct returns.

Mildred was given no adequate instructions on petitioner's bookkeeping system or on how to keep petitioner's books. There is no evidence that her work was ever audited or even checked. Petitioner's returns were made from the records kept by Mildred. Apparently, the only check made on Mildred's work was an examination of the completed return by an officer of the company who did not realize that there was anything wrong despite the fact that somewhere in the neighborhood of 20 percent of gross sales was omitted. These sales were recorded as purchases by the related companies and there is nothing to indicate that the error in petitioner's reported income would ever have been discovered unless discovered by respondent's agents.

Petitioner cannot avoid its duty to file accurate returns by shifting responsibility to its bookkeeper, *Vern W. Bailey*, 21 T.C. 678, 687, particularly when it makes no effort to see that the books and the records are being kept correctly. This underpayment was not due

to a mistake in interpreting the law or in applying the facts—it was due to errors in properly recording transactions on its books which errors petitioner neither took precautions to prevent nor attempted to check. In our opinion, this constitutes negligence within the meaning of section 6653 and the addition to tax was properly imposed.

*Decision will be entered in accordance with the stipulation.*