R. O. WATTS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Watts v. Commissioner
Docket No. 7291-73
United States Tax Court
T.C. Memo 1975-131; 1975 Tax Ct. Memo LEXIS 238; 34 T.C.M. (CCH) 613; T.C.M. (RIA) 750131; May 7, 1975, Filed R. O. Watts, Pro se. Maurice W. Gerard, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined deficiencies of $1,919.05 and $286.83 in the federal income taxes of petitioner and his wife Louise Watts and additions thereto under section 6653(a), [1] I.R.C. 1954, of $95.95 and $14.34 for the calendar years 1970 and 1971, respectively. *239 The issues [2] for decision are: (1) whether petitioner understated his business income in the year 1970 by $6,063.92; (2) whether petitioner is entitled to deductions for automobile expenses and depreciation in 1970 and 1971 claimed to have been incurred in his business; (3) whether petitioner is entitled to a deduction for maintenance expenses in 1970 claimed to have been expended on his office building; (4) whether petitioner is entitled to a deduction for the expenses allegedly of attending seminars in 1971 claimed to be connected with his business; and (5) whether petitioner is subject to the additions to tax for the years 1970 and 1971 under section 6653(a). FINDINGS OF FACT At the time of filing the petition herein petitioner maintained his legal residence in Atlanta, Georgia. Petitioner and his wife Louise Watts filed joint federal *240 income tax returns for the calendar years 1970 and 1971 with the Internal Revenue Service Center at Chamblee, Georgia. Although the notice of deficiency in this case was addressed to both petitioner and his wife, only petitioner has filed a petition with this Court. During the taxable years in issue, petitioner was a chiropractor conducting his business in Atlanta, Georgia. During the years in issue petitioner incurred expenses in using an automobile, which he purchased in 1969 for $5,000, for commuting to and from work and for making house calls to patients in Atlanta. Petitioner owned the office building in which he worked and in 1970 had a new roof and several new doors put on the building and new carpeting installed. Petitioner also had the building painted in 1970. In 1970 $21,043.92 was deposited in petitioner's checking account. In 1971 petitioner attended several seminars in connection with his chiropractic business. Petitioner himself kept no books and records during the years in issue, although his wife did keep some records. Any such records were not submitted to this Court nor were they ever available for inspection by the Internal Revenue agent conducting the *241 audit of petitioner's and his wife's returns in question. On his 1970 income tax return petitioner reported $14,980 as gross receipts. On his 1970 and 1971 income tax returns petitioner claimed, among others, the following deductions: 1970
1971
Auto Expense (50% business use)
$ 425
$435
Auto Depreciation (50% business
625
625
use)
Outside Service (i.e., building
2,080
maintenance)
Seminar expenses
375
In his notice of deficiency, respondent determined that for 1970 petitioner's gross income, and hence taxable income, was understated by $6,063.92. He also disallowed the above mentioned deductions claimed by petitioner upon his determination that they were neither ordinary and necessary nor substantiated business expenses. OPINION Before discussing the issues contained in the notice of deficiency we will address ourselves briefly to several general attacks petitioner makes with respect to respondent's determinations in the notice of deficiency and to this proceeding. These are: (1) that there is no basis in law for a redetermination of his tax liability for the years 1970 and 1971; (2) that the taxes and additions thereto are based upon rules *242 and regulations enacted by the Secretary of the Treasury or his delegate in violation of article I, section 8, clause 17 [sic] of the United States Constitution which prohibits the enactment of legislation by the Executive Branch; and (3) that his privilege against self-incrimination would be violated if he were required to submit evidence in this case. Petitioner's other attacks are so totally without merit as not to warrant comment. It cannot be doubted that the respondent has the power, and indeed the duty, to redetermine a taxpayer's taxes in order to properly reflect the amount due and that the courts will then, if the taxpayer so opts, determine the correctness of the respondent's findings. Section 6201(a) authorizes and requires the Secretary of the Treasury or his delegate to make "inquiries, determinations, and assessments of all taxes" imposed by the Code. See also sec. 301.6201-1, Proced, & Admin. Regs. The Code, through several sections, then provides various methods for courts to consider any challenge to the accuracy of the respondent's determination of additional taxes due. As for petitioner's second point, we believe his citation to article I, section 8, clause *243 17 to be in error since the present case has nothing to do with legislation concerning the District of Columbia or other federal enclaves listed therein. Article I, section 1, does grant all legislative powers contained in the United States Constitution to Congress. However, it is clear that Congress can delegate certain administrative powers, such as those conferred in section 7805(a), to the Secretary of the Treasury or his delegate without such action and the rules and regulations thereby made being void as the unwarranted delegation of legislative authority. Brushaber v. Union Pac. R.R.,240 U.S. 1 (1916). Petitioner next argues that his fifth amendment privilege against self-incrimination would be violated if he were required to produce evidence in this case and apparently seeks a decision in his favor on that ground. Such an argument has been considered, and rejected on facts similar to those here, by this Court in E. Jan Roberts,62 T.C. 834, 837-38 (1974). While a person may be justified in refusing to answer questions or produce evidence where he fears self-incrimination, such is not the case where, as here, that person (the petitioner) *244 has shown the Court no evidence or reason why his fear of self-incrimination is real. Clearly the privilege against self-incrimination does not apply where there has not been even a hint of a possible criminal prosecution. Turning now the the issues involved in the notice of deficiency, we make our usual hornbook statement that the respondent's determinations are presumptively correct and that the burden of proving such determinations erroneous is upon the petitioner. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. At the trial in this case, petitioner produced no books or records as substantiation for his claimed positions and his only evidence was his testimony. The first issue concerns respondent's addition to petitioner's gross and taxable income of $6,063.92 for the year 1970. Such amount results from respondent's discovery that deposits to petitioner's checking account in 1970 totaled $21,043.92 while his reported gross receipts were only $14,890. For 1971 a check revealed that deposits were identical to the reported gross receipts. In a case such as this where the petitioner has produced no books and records *245 for the Internal Revenue Service or for this Court, the bank deposit method of determining income is clearly permissible. Marcello v. Commissioner,380 F. 2d 494, 496 (5th Cir. 1967). Petitioner has attempted to explain this unreported $6,063.92 deposited into his checking account by suggesting that such sum may possibly have been a loan or else money his mother-in-law gave to his wife who then may have deposited it. On such meager evidence, especially since petitioner himself is unsure of the facts, we find it impossible to hold that such deposits constituted non-income items. Petitioner next claims deductions for expenses for the operation of and depreciation on his automobile used in his business in 1970 and 1971. Petitioner admitted that part of the claimed deductions resulted from commuting to and from work. However, he also stated, and we believe him, that he used his automobile for making several house calls a day to patients in Atlanta. Since we believe that petitioner did incur as expenses some part of the claimed amounts and since we are satisfied that some part of the claimed amounts constitutes allowable deductions, we will make a rough approximation *246 of the amounts to which petitioner is entitled as deductions. Cohan v. Commissioner,39 F. 2d 540 (2nd Cir. 1930). We conclude that petitioner is entitled to one-half of these claimed deductions. The next issue involves petitioner's claimed deduction of $2,080 in 1970 for certain expenditures relating to his office building. However, it appears that part of such expenditures was made for a new roof, new carpeting and new doors. Clearly expenditures for such items must be capitalized and depreciated over their expected life. Since we have no way of knowing these items' useful life, no deduction for them can be allowed. As for the expenses of painting, we find petitioner is entitled to a deduction of $200. Cohan v. Commissioner,supra.
Petitioner next contends that he is entitled to a deduction in 1971 for $375 for expenses of attending seminars relating to his chiropractic business. Again we believe petitioner's testimony that he incurred some expenses in attending such seminars. Consequently we find petitioner is entitled to a deduction of $125 on this issue. Cohan v. Commissioner,supra.
The last issue involves additions *247 to tax under section 6653(a) for the years 1970 and 1971. Section 6653(a) provides that "If any part of any underpayment * * * is due to negligence or intentional disregard of rules and regulations * * *, there shall be added to the tax an amount equal to 5 percent of the underpayment." The determination of the respondent in this regard is prima facie correct and the petitioner has the burden of proving that no part of any underpayment was due to negligence or intentional disregard of the respondent's rules and regulations. Leroy Jewelry Co.,36 T.C. 443 (1961). While we sympathize with petitioner for the illness in his family, we cannot conclude on this record that petitioner has met his burden on this issue. Consequently, we uphold respondent's determination on this issue. Decision will be entered under Rule 155.
Footnotes
1. All Code references are to the Internal Revenue Code of 1954 as amended and as applicable to the taxable years involved.↩
2. In the notice of deficiency respondent also adjusted petitioner's self-employment tax for the year 1970 from $370.15 to $538.20. Such adjustment reflects the increased tax due on account of the additional income and disallowed deductions determined in the notice of deficiency and should be adjusted according to the decision in this case.↩