HARVEY H. HEIDELBERG and GINGER D. HEIDELBERG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Heidelberg v. Commissioner
Docket No. 5374-75.
United States Tax Court
T.C. Memo 1977-133; 1977 Tax Ct. Memo LEXIS 312; 36 T.C.M. (CCH) 566; T.C.M. (RIA) 770133; May 4, 1977, Filed *312 Held, petitioner Harvey H. Heidelberg is a non-professional gambler; accordingly, he may not take his gambling losses as itemized deductions while also taking the standard deduction. Held further, petitioner has not substantiated gambling losses for the year in issue. Held further, petitioner is liable for an addition to tax, pursuant to section 6653(an8, I.R.C. 1954. Harvey H. Heidelberg, pro se. Wesley J. Lynes, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $3,397.49 deficiency *313 in petitioners' 1973 income tax and an addition to tax of $169.87, pursuant to section 6653(a). [1] The issues are: (1) Whether Harvey H. Heidelberg (hereinafter petitioner) is a non-professional gambler; (2) whether petitioner has substantiated his gambling losses for the year in issue; and (3) whether petitioner is liable for an addition to tax, pursuant to section 6653(a). FINDINGS OF FACT Some facts have been stipulated and are found accordingly. Petitioner and his wife, Ginger, lived in Memphis, Tennessee, when they filed their 1973 income tax return and when they filed their petition in this case. During 1973, petitioner, a non-professional gambler, placed bets with the Southland Racing Corporation in West Memphis, Arkansas. He was paid the following amounts on the dates indicated: Date
Amount
May 26, 1973
$ 3,223.20
June 23, 1973
759.00
July 7, 1973
758.00
July 19, 1973
930.20
July 23, 1973
875.60
August 2, 1973
1,496.20
August 11, 1973
1,860.00
August 23, 1973
994.20
September 28, 1973
666.20 lOctober 5, 1973
759.20
October 15, 1973
714.20
October 22, 1973
742.40
TOTAL
$13,778.40
*314 Statements for recipients of miscellaneous income (Department of Treasury, Form 1099-MISC) were issued to verify the amounts paid. On his 1973 income tax return (Form 1040), petitioner entered the remark "Gambling losses exceeded gains" on line 37 of Part I (Income other than Wages, Dividends, and Interest). No income or losses from gambling were reported on the return. Petitioner elected to take the standard deduction rather than to itemize deductions. Petitioner is an accountant employed by a certified public accounting firm. Of those records petitioner may have kept concerning his gambling losses, none were offered as evidence. Petitioner's underpayment of tax for 1973 was due to negligence or intentional disregard of rules and regulations. OPINION Petitioner won at least $13,778.40 during 1973 at the races. On his 1973 income tax return, he merely indicated on line 37, Part I (Income other than Wages, Dividends, and Interest) that "Gambling losses exceeded gains." It is clear that petitioner, a non-professional gambler, may not use this method to "report" gambling gains and losses. As a non-professional gambler, he should have reported his gambling income and *315 then taken, as an itemized deduction, his gambling losses to the extent of his winnings. Sec. 165(d). For the year in question, 1973, petitioner instead chose to take the standard deduction. It is his right to elect the standard deduction, but if he does so, he may not also itemize his deductions. Sec. 144 and regulations thereunder. In short, petitioner failed to properly report his winnings of over $13,000. Petitioner tries to avoid this unhappy result by arguing that he is a professional gambler and may, therefore, deduct gambling losses to the extent of gains notwithstanding his election of the standard deduction. Unfortunately, the description of his gambling activities appears almost entirely on brief, not on record under oath. Indeed, some of the testimony that appears on the record contradicts petitioner's assertion that he is a professional gambler. Under oath, he indicated that he did not "guess" he would "be considered a professional gambler." Respondent's determination on this issue is sustained. Even if petitioner were a professional gambler, petitioner has provided us with absolutely no substantiation of his gambling losses aside from his self-serving testimony. *316 He has the burden of proving his losses. Donovan v. Commissioner,359 F. 2d 64 (1st Cir. 1966), affg. a Memorandum Opinion of this Court; Stein v. Commissioner,322 F. 2d 78, 82 (5th Cir. 1963), affg. a Memorandum Opinion of this Court; Rule 142, Tax Court Rules of Practice and Procedure. This burden cannot be met by using a "reverse net worth method" to show the amount of the losses. Mack v. Commissioner,429 F. 2d 182, 184 (1970), affg. a Memorandum Opinion of this Court. The next issue is whether petitioner should be assessed an addition to tax, pursuant to section 6653(a). Section 6653(a) is a penalty assessed for negligence or intentional disregard of rules and regulations. Petitioner has the burden of showing that respondent's determination is incorrect. LeRoy Jewelry Co. v. Commissioner,36 T.C. 443, 445 (1961). Petitioner has not done so; accordingly, respondent's determination is sustained. Petitioner is an accountant employed by a certified public accounting firm. As such he should be aware, at the very least, that he must report income, McClanahan v. United States,292 F. 2d 630 (1961), *317 and maintain records to support deductions, Mack v. Commissioner,supra.
Decision will be entered for the respondent.* Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩