WILLIAM MOORE SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 2172-86.
United States Tax Court
T.C. Memo 1987-613; 1987 Tax Ct. Memo LEXIS 658; 54 T.C.M. (CCH) 1329; T.C.M. (RIA) 87613; December 16, 1987; As Amended December 17, 1987 William Moore Smith, pro se. David S. Kosterlitz, for the respondent. GOLDBERG
MEMORANDUM FINDINGS OF FACT AND OPINION GOLDBERG, Special Trial Judge: This case [1] was heard pursuant to the provisions of section 7456(d)(3) of the Internal Revenue Code of 1954 (redesignated section 7443A(b)(3)) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq. [2]
*660 Respondent determined a deficiency of $ 5,075 in petitioner's 1982 Federal income tax and an addition to tax under section 6661 [3] in the amount of [Text Deleted by Court Emendation] $508. Respondent also determined that petitioner was liable for additions to tax under section 6653(a)(1) in the amount of [Text Deleted by Court Emendation] $254 and section 6653(a)(2) in an amount equal to fifty percent of the interest due on the $ 5,075 underpayment. Further, at trial, respondent orally moved for damages pursuant to section 6673. The issues for decision are (1) whether petitioner was entitled to a pension income exclusion; (2) whether petitioner had unreported dividend income; (3) whether petitioner is liable for additions to tax under section 6653(a); (4) whether damages should be awarded under section 6673; and (5) whether this Court has jurisdiction to abate interest on the deficiency. GENERAL FINDINGS OF FACT Petitioner resided in Silver Spring, Maryland when he filed his petition with this Court. He timely filed a 1982 Federal income tax return. *661 On September 30, 1985, petitioner made an advance payment to respondent of $ 5,075 in order to stop the running of interest on the underpayment of tax. At trial, petitioner requested that this sum be returned to him. He also asked the Court to abate the already accrued interest and to return the filing fee he paid to petition this Court. I. Excluded Pension Income Petitioner, a computer programmer, was retired from the United States Government on a civil service disability pension in 1973 or 1974. In 1982, petitioner received $ 9,174 in disability payments. As of the end of 1982, petitioner was less than 65 years old. Petitioner reported the $ 9,174 on his 1982 Federal income tax return, but he did not include this amount as income. Section 105(d)(1) and (2), as applicable to the year 1982, [4] provides that a taxpayer, who is retired on disability and has not attained the age of 65 before the close of the taxable year, may exclude from gross income amounts which constitute wages (or payments in lieu of wages) for a period during which he is absent from work because of permanent and total disability to the extent of $ 100 per week. *662 However, section 105(d)(3) provides for a phaseout of the exclusion if the taxpayer's adjusted gross income exceeds $ 15,000. If the taxpayer's adjusted gross income, determined without regard to the exclusion provided for in section 105(d), exceeds $ 15,000, the amount of the exclusion otherwise allowable shall be reduced by the excess of the adjusted gross income over $ 15,000. Petitioner's 1982 adjusted gross income, as corrected by respondent, was $ 54,126. Applying the mathematics of section 105(d)(3), it becomes clear that petitioner's adjusted gross income in 1982 was more than sufficient to phase out the entire $ 5,200 exclusion allowable for one taxpayer. Even using his own figures as reported on the income tax return filed, the exclusion would not be available to him. [5] Accordingly, respondent is sustained on this issue. *663 II. Unreported Dividend Income Respondent contends that during 1982, petitioner received dividend income from Dow Chemical Company, Parker Pen Company, McCormick & Co., and Transamerica Corporation totaling $ 1,001 which he did not include in income. Respondent determined that petitioner had unreported dividend income by comparing Form 1099 information reported by payors of dividends, with petitioner's tax return. Yetta Fleishman, respondent's witness from his office in Philadelphia, Pennsylvania testified how the "matching program" uses the taxpayer's social security number to compare this information. Ms. Fleishman further testified that through the matching program, respondent was able to establish that petitioner received $ 36,000 in dividend income, $ 1,001 of which was not reported on his $ 1982 Federal income tax return. Petitioner did not deny receiving these dividends. Rather, he testified that he could not verify the amount of his dividend income because either he could not locate his records, or he had discarded them. Moreover, petitioner steadfastly maintained that he possibly reported the dividends, but that one of the Schedules B on which these dividends may *664 have been reported was now missing from his return. Petitioner failed, however, to produce a "complete" copy of his tax return. On the return that was filed, petitioner's dividend income was reported on seven Forms Schedule B. On line 10 of the seventh Form B, petitioner totaled his dividend income for the taxable year as $ 36,024.52. Petitioner's handwritten note on line 10 indicates that this amount represents the total "from all sheets." Petitioner's net dividend income, after subtracting capital gains distributions, as carried over from line 15 on this Form B to Form 1040, line 9a, was $ 35,099.35. These facts negate petitioner's claim that a Schedule B form is missing from his return. Respondent's determination as to the amount petitioner received in dividend income is presumed to be correct and petitioner bears the burden of proving otherwise. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner failed to produce any evidence on the issue of the omitted dividend income and therefore has failed to carry his burden of proof. We hold for respondent on this issue. III. Section 6653(a) - Additions to Tax For Negligence Or Disregard Of Rules *665 And Regulations Respondent contends that petitioner is liable for additions to tax under sections 6653(a)(1) and (2) because he failed to ascertain the rules governing the inclusion of his disability pension in gross income, he failed to report $ 1,001 of dividend income, and he failed to maintain adequate books and records of his dividend income. Section 6653(a) provides for an addition to tax if an underpayment is due to negligence or intentional disregard of rules and regulations. Respondent's determination is presumed correct and the burden is on petitioner to prove these additions are erroneous. Enoch v. Commissioner,57 T.C. 781 (1972); Leroy Jewelry Co. v. Commissioner,36 T.C. 443 (1961). Generally, taxpayers are required to maintain permanent books of account or records sufficient to establish the amount of gross income, deductions, credits, and other matters required to be shown in their tax returns. Sec. 1.6001-1(a), Income Tax Regs.
In this case, petitioner has not shown that he maintained any records of his dividend income. His failure to keep the records necessary to establish the amount of his gross income indicates that petitioner *666 was negligent. Petitioner's negligence is also apparent in his disregard of the rules which required him to include his disability pension in income. We think the facts recited above clearly show that petitioner was negligent. Petitioner has not carried his burden of proof on this issue and we, therefore, uphold respondent's determination. IV. Damages Respondent at trial orally moved for a $ 1,000 award of damages to the United States and against petitioner for his prolonging this litigation by advancing frivolous or groundless positions. Section 6673 damages by be awarded "Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay [or] that the taxpayer's position in such proceeding is frivolous or groundless * * *." The award of damages by this Court is discretionary. Based upon the entire record before us in this case, we decline to award damages. V. Interest The merits of petitioner's contention that all interest charged on the deficiency determined by respondent be abated because of respondent's "delay" in determining the deficiency will not be discussed, as it is well-settled that this *667 Court has no jurisdiction over matters concerning interest accruing on a tax deficiency not yet assessed. LTV Corp. v. Commissioner,64 T.C. 589, 597 (1975); Hudgins v. Commissioner,55 T.C. 5343, 538 (1970); Chapman v. Commissioner,14 T.C. 943, 946-947 (1950), affd. per curiam 191 F.2d 816 (9th Cir. 1951), cert. denied 343 U.S. 905 (1952). See also Estate of Baumgardner v. Commissioner,85 T.C. 445, 452 (1985). The authority to abate interest on a deficiency is solely within respondent's province and this Court has no jurisdiction over respondent's decision not to abate interest. Sec. 6404(e). To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. This case was filed originally as a small tax case as provided for in section 7463. At trial, petitioner orally moved the Court to remove the case from the small case category. The Court, by Order dated March 25, 1987, granted petitioner's motion. ↩
2. All section references are to the Internal Revenue Code of 1954, as in effect in the year in issue, unless otherwise indicated, and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. Respondent did not argue this issue either at trial or on brief. We therefore consider him to have abandoned it. ↩
4. Section 105(d) has been repealed for taxable years beginning after 1983. ↩
5. Petitioner reported adjusted gross income of $ 19,909.07. To arrive at this amount, petitioner deducted a $ 28,043.40 capital loss claimed on Schedule D. However, petitioner obviously misread the directions on Form Schedule D because the allowable capital loss is only $ 3,000, thereby increasing his adjusted gross income to $ 44,952.47. See sec. 1211(b). ↩