T.C. Summary Opinion 2012-51

UNITED STATES TAX COURT

KUEI H. LEE AND YURN W. PAI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3843-11S.                    Filed June 4, 2012.

Kuei H. Lee and Yurn W. Pai, pro sese.

<u>Tiffany Wu</u>, for respondent.

SUMMARY OPINION

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.

Respondent determined for 2008 a deficiency in petitioners' Federal income tax of $15,600 and an accuracy-related penalty under section 6662(a) of $3,120.

Petitioners have conceded and, after the issuance of the notice of deficiency, paid the tax deficiency respondent determined. The issue for decision is whether petitioners are liable for the section 6662(a) accuracy-related penalty determined as a result of the underpayment of tax required to be shown on their 2008 Federal income tax return.

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. Petitioners resided in California when the petition was filed.

## Background

Petitioners received Schedules K-1, Partner's Share of Income, Deductions, Credits, etc., from LLH & WLLC (L & W) for 2001 through 2007. Petitioners received and reported substantial income from L & W for 2003 through 2007. L & W issued to petitioners a Schedule K-1 for 2008 reporting net real estate income of $43,852 and interest income of $759. Petitioners paid a professional to prepare and electronically file their Federal income tax return for 2008. Petitioners did not

provide the return preparer with a copy of a Schedule K-1 from L & W for 2008, and none of the income from L & W was reported on the return. Petitioners approved the filing of the return without reviewing it.

Petitioners' return preparer provided them with a letter which stated that his assistant erased the "blank K-1 Form" that was carried over automatically from 2007 "without bringing up to my attention (sic)".

## Discussion

Section 7491(c) imposes on the Commissioner the burden of production in any court proceeding with respect to the liability of any individual for penalties and additions to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Trowbridge v. Commissioner, T.C. Memo. 2003-164, aff'd, 378 F.3d 432 (5th Cir. 2004). In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or the addition to tax is appropriate. Higbee v. Commissioner, 116 T.C. at 446.

Respondent determined that for 2008 there was a substantial understatement of income tax on petitioners' joint income tax return. Section 6662(a) and (b)(2) imposes a 20% penalty on the portion of an underpayment of tax attributable to any one of various factors, including a substantial understatement of income tax.

A "substantial understatement" of income tax includes an understatement that exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

Section 1.6664-4(b)(1), Income Tax Regs., specifically provides: "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id. Under the regulation, reliance on the advice of a professional tax adviser does not necessarily demonstrate reasonable cause and good faith. "Advice" is any communication setting forth an analysis or conclusion to the taxpayer and on which the taxpayer relies. Sec.

1.6664-4(c)(2), Income Tax Regs. A taxpayer has not reasonably relied in good faith on the advice of a tax adviser where the taxpayer fails to disclose a fact that he "knows, or reasonably should know, to be relevant to the proper tax treatment of an item" on the return. Sec. 1.6664-4(c)(1)(i), Income Tax Regs.; see also Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

Petitioners showed on their return for 2008 a tax of $37,001. The tax required to be shown on the return was $50, 962. Petitioners have a substantial understatement of income tax for 2008 since the understatement amount will exceed the greater of 10% of the tax required to be shown on the return or $5,000. The Court concludes that respondent has produced sufficient evidence to show that the accuracy-related penalty under section 6662(a) is appropriate for 2008.

Petitioners testified that they did not receive a copy of the L & W Schedule K-1 for 2008. The nonreceipt of tax documents does not relieve a taxpayer from the duty to report income and is not evidence of good faith or reasonable cause. Jones v. Commissioner, T.C. Memo. 2010-112. Petitioners had received and reported income from L & W for the previous seven years, knew they remained in the partnership, and acknowledged receiving a distribution from the entity in 2008.

Petitioners attribute their failure to report the subject Schedule K-1 income to their reliance on their return preparer to properly prepare their tax returns. Judging from the evidence, however, the omission of income appears to be due to petitioners' failure to furnish their preparer with all pertinent data rather than good faith reliance on advice of a competent tax adviser. Under these circumstances, a taxpayer cannot escape his duty of filing an accurate return by placing responsibility on an agent. Leroy Jewelry Co. v. Commissioner, 36 T.C. 443, 445 (1961). Even if all data is furnished to the preparer, the taxpayer still has a duty to read the return and make sure all income items are included. Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662-663 (1987); Bailey v. Commissioner, 21 T.C. 678, 687 (1954).

The Court finds that there was a substantial understatement of income tax as defined in section 6662(d) for 2008 and that petitioners do not meet the reasonable cause and good faith exception under section 6664(c)(1) . The section 6662(a) accuracy-related penalty was properly determined.

To reflect the foregoing,

Decision will be entered

for respondent.