T.C. Memo. 2015-186

UNITED STATES TAX COURT

MARK D. JASPERSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19496-13.                    Filed September 22, 2015.

<u>William B. McCarthy</u>, for petitioner.

<u>Derek P. Richman</u> and <u>William Lee Blagg</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, <u>Judge</u>:  Respondent issued a notice of deficiency to petitioner

determining deficiencies in income tax, an addition to tax, and accuracy-related

penalties as follows:[1]

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code) in effect for the years at issue, and all Rule references are to
(continued...)

| [*2] Year | Deficiency | Addition to tax sec. 6651(a)(1) | Penalty sec. 6662(a) |
|---|---|---|---|
| 2008 | $44,341 | --- | $8,808 |
| 2009 | 21,379 | --- | 4,276 |
| 2010 | 26,245 | $565 | 5,187 |

The issues remaining to be resolved, other than computational issues[2] and concessions,[3] are: (1) whether petitioner improperly claimed loss deductions for net operating loss carryovers for tax years 2008-10; (2) whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to timely file a return for tax year 2010; and (3) whether petitioner is liable for accuracy-related penalties under section 6662(a). We answer all three questions in the affirmative.

---

[1](...continued)
the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded to the nearest dollar.

[2]Respondent's adjustments to petitioner's claimed itemized deductions, deductions for personal exemptions, general business credit, recovery rebate credit, and Making Work Pay credit for the year or years at issue are computational issues that will be resolved by our decisions on the primary issues.

[3]Respondent concedes $60 and $62 of the accuracy-related penalties for tax years 2008 and 2010, respectively.

[*3]                          FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Florida when the petition was filed.

In 1998 petitioner incorporated 5215 Development, Inc., an S corporation, to conduct a video store liquidation business. The corporation was wholly owned by him. In 2005 and 2006 the corporation reported losses of $750,262 and $237,596 respectively. Petitioner reported a 100% share of the corporation's losses on his individual tax return for each of 2005 and 2006. After applying the losses against his individual income, he apparently calculated net operating losses on his individual tax returns for these years. He subsequently carried forward the alleged net operating losses to tax years 2008-10 to offset his reported income for these years. We are unable to determine whether he elected to waive the initial two-year carryback requirement for net operating losses because his individual tax returns for 2005 and 2006 are not in the record.

Petitioner and his S corporation used the same accounting and tax services firm to prepare their tax returns. On his individual tax returns for tax years 2008-10, petitioner claimed deductions for net operating loss carryovers of $217,768, $58,855, and $110,080, respectively. He did not file concise statements with his

[*4] tax returns for 2008-10 setting forth the amounts of the net operating losses. He did not attach detailed schedules to his returns for these years showing the computations of the deductions.

In the notice of deficiency, respondent disallowed petitioner's claimed net operating loss carryover deductions for tax years 2008-10.

At trial petitioner testified that he had no involvement in the financial accounting of his S corporation and had no involvement in the preparation of his tax returns. In order to substantiate his claimed net operating loss deductions, he offered hundreds of accounting records, supposedly from the electronic database of his S corporation. Many of the accounting records were not produced to respondent before the two-week deadline before trial, and their authenticity could not be verified. The documents were not allowed in the record.

Petitioner also provided his S corporation's old tax returns and workpapers from his tax return preparers to show the presumed calculated value of his basis in the S corporation. At trial the return preparers testified that they relied on information contained in certain summary schedules, or "trial balances", provided by the accounting department of petitioner's S corporation to create the workpapers and account for the S corporation's losses.

**[*5]** Petitioner filed his 2010 Federal income tax return on October 26, 2011. The parties stipulated that petitioner's 2010 Federal income tax return was due on October 15, 2011.

OPINION

I.    Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Notwithstanding the general rule, if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining his Federal income tax liability, the burden of proof shifts from the taxpayer to the Commissioner as to that factual issue.  Sec. 7491(a)(1).  The shifting of the burden of proof, however, is conditioned upon the taxpayer's first demonstrating that he meets the requirements of section 7491(a)(2), including:  (1) substantiating any item as required by the Code, (2) maintaining all records required by the Code, and (3) cooperating with the Commissioner's reasonable requests for witnesses, information documents, meetings, and interviews.

**[\*6]** Respondent bears the burden of production, but petitioner bears the burden of proof, with respect to the addition to tax under section 6651 and the accuracy-related penalties under section 6662. See sec. 7491(c).

II.     Petitioner's Claimed Net Operating Loss Deductions Under Section 172

Defined generally, a net operating loss is the excess of allowable deductions over gross income for a given tax year. Sec. 172(c). In calculating the net operating loss amount for individual taxpayers, only certain deductions, including passthrough S corporation losses, are considered. See sec. 172(c) and (d); Barnes v. Commissioner, T.C. Memo. 2012-80, aff'd, 712 F.3d 581 (D.C. Cir. 2013); sec. 1.172-3(a), Income Tax Regs.

A net operating loss generally must first be carried back 2 years and then carried forward 20 years. See sec. 172(b)(1)(A). A taxpayer who makes an election can waive the carryback requirement and carry forward the net operating loss forward directly. Sec. 172(b)(3). An election to waive the carryback must be made on timely filed tax returns for the years the net operating losses are incurred. Id.; see Moretti v. Commissioner, 77 F.3d 637, 647 (2d Cir. 1996) (taxpayer's failure to timely file a tax return precluded subsequently claiming a net operating loss carryforward without the net operating losses' being absorbed, to the extent required, by the carryback year).

**[\*7]**   The net operating loss must be consumed in the earliest year for which there is income available to be offset by the loss.  See sec. 172(b)(2).  Any excess net operating loss that is not consumed in one year is carried to the next earliest year. Id.  A taxpayer claiming a net operating loss deduction must file with his return "a concise statement setting forth the amount of the net operating loss deduction claimed and all material and pertinent facts relative thereto, including a detailed schedule showing the computation of the net operating loss deduction."  Sec. 1.172-1(c), Income Tax Regs.

Petitioner failed to provide evidence that he made elections on his 2005 and 2006 individual income tax returns to waive the carryback requirement for his claimed net operating losses.  He also did not provide evidence of whether the net operating losses were absorbed in prior years.  Consequently, he is not entitled to claim net operating losses for these years and we may end our inquiry.  See Klyce v. Commissioner, T.C. Memo. 1999-198; Menaged v. Commissioner, T.C. Memo. 1991-79; Tewari v. Commissioner, T.C. Memo. 1986-194.  However, for the sake of thoroughness, we analyze petitioner's arguments.

Petitioner primarily relied on the passthrough losses of his S corporation in 2005 and 2006 to calculate his claimed net operating loss deductions for these years.  Losses from an S corporation are limited to the shareholder's basis in his

[*8] stock in the corporation and any indebtedness of the S corporation to the shareholder. See sec. 1366(d)(1). Any part of the loss in excess of the shareholder's basis may be carried forward indefinitely until the shareholder has an adequate basis in the corporation to absorb the loss. Sec. 1366(d)(2).

Petitioner's entitlement under section 172 to net operating loss carryforward deductions for 2008-10 depends upon his showing that: (1) his S corporation incurred net operating losses in 2005 and 2006, (2) he had sufficient basis in his S corporation shares in these years, (3) no other limitations applied to his realization of these losses, and (4) the losses were properly carried forward to the years at issue. See Philpott v. Commissioner, T.C. Memo. 2012-307; Miller v. Commissioner, T.C. Memo. 2006-125.

Petitioner cannot establish any of these elements. Petitioner's S corporation may have incurred losses in 2005 and 2006. On the record presented, however, we are unable to verify the fact or the amounts of the losses because petitioner did not provide any source documents to prove the losses. Furthermore, he did not accurately account for his basis in his S corporation. Instead he provided the corporation's old tax returns and workpapers from his tax return preparers to show the presumed calculated value of his basis in the corporation. These documents,

**[*9]** without any substantiation of their numeric content, are not a proper means of establishing basis. See Wright v. Commissioner, T.C. Memo. 2007-50.

Taxpayers are required to maintain adequate records substantiating their claimed net operating losses. See Scharringhausen v. Commissioner, T.C. Memo. 2012-350. Petitioner wished to prove his case by submitting hundreds of accounting records from an electronic database as replacements for source documents. Many of these records were not produced to respondent before the two-week deadline before trial to share documents, and their authenticity could not be verified. They were not allowed in the record. In any case, without any sort of direction as to the contents of these documents, this type of voluminous, unverified, and indiscriminate documentation does not provide adequate substantiation of the items petitioner reported on his tax returns. See Hale v. Commissioner, T.C. Memo. 2010-229; Patterson v. Commissioner, T.C. Memo. 1979-362.

Finally, petitioner did not provide his individual tax returns for 2005 and 2006, the years he claimed to have incurred net operating losses. Without these returns, we cannot determine whether any limitations apply to curtail petitioner's claiming the losses or whether he properly carried forward the losses to the years at issue. We also cannot determine whether the returns were timely filed.

**[\*10]** Without this information, we find that petitioner has failed to establish entitlement to net operating loss carryover deductions for the years at issue. Accordingly, we sustain respondent's determination.

III.    Section 6651(a) Addition to Tax for Tax Year 2010

Section 6651(a)(1) provides for an addition to tax of 5% of the tax required to be shown on a return for each month, or fraction thereof, for which there is a failure to timely file a return, not to exceed 25% in the aggregate.

The parties stipulated that petitioner's Federal income tax return for 2010 was due on October 15, 2011, and he filed it October 26, 2011.  Respondent has therefore met the burden of producing evidence that petitioner's 2010 tax return was filed late.  See Wheeler v. Commissioner, 127 T.C. 200, 207-208 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).  Petitioner presented no evidence to suggest that his failure to timely file was due to reasonable cause.  See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Accordingly, we sustain respondent's determination with respect to this issue.

IV.    Section 6662(a) Penalties Determined Against Petitioner

Section 6662(a) and (b)(2) imposes a 20% accuracy-related penalty on any portion of an underpayment of Federal income tax which is attributable to, among other things, a substantial understatement of income tax.  An understatement of

**[*11]** income tax is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). If the understatements of income tax for the years at issue are substantial, respondent has satisfied the burden of producing evidence that the penalties are appropriate.

Respondent's deficiency determinations for tax years 2008-10 exceed $5,000, which is greater than 10% of the tax required to be shown on petitioner's returns for these years. Thus respondent's burden of going forward has been satisfied.

Once the Commissioner has met the burden of production, the taxpayer must come forward with persuasive evidence that the penalty is inappropriate because, for example, the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and in good faith with respect to an underpayment that is related to an item reflected on the return of a pass-through entity is made on the basis of all pertinent facts and circumstances, including the taxpayer's own actions, as well as the actions of the pass-through entity. Sec. 1.6664-4(e), Income Tax Regs. Reliance on the advice of a tax professional may, but does not necessarily, establish reasonable cause and good faith for the purpose of avoiding a section 6662(a) penalty. United States v. Boyle, 469 U.S. 241, 251 (1985) ("Reliance by a lay

**[*12]** person on a lawyer [or accountant] is of course common; but that reliance cannot function as a substitute for compliance with an unambiguous statute.").

Caselaw sets forth the following three requirements in order for a taxpayer to use reliance on a tax professional to avoid liability for a section 6662(a) penalty: "(1) The adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment." See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002). In addition, the advice must not be based on unreasonable factual or legal assumptions (including assumptions as to future events) and must not unreasonably rely on the representations, statements, findings, or agreements of the taxpayer or any other person. Sec. 1.6664-4(c)(1)(ii), Income Tax Regs.

Petitioner claims that he relied on professional advice to prepare his tax returns. He states that he had no involvement in the financial accounting of his S corporation and had no involvement in the preparation of his tax returns.

A taxpayer cannot escape his duty of filing accurate returns by placing responsibility upon an agent when the taxpayer fails to furnish the agent with all the pertinent data. Magill v. Commissioner, 70 T.C. 465, 479 (1978), aff'd, 651

**[\*13]** F.2d 1233 (6th Cir. 1981). Taxpayers have a duty to review their tax returns before signing and filing them. Id. at 479-480. Petitioner cannot avoid his duty to file accurate returns by shifting responsibility to his bookkeepers, particularly when he makes no effort to see that the books and records are being kept correctly. See Leroy Jewelry Co. v. Commissioner, 36 T.C. 443, 445-446 (1961).

Petitioner's tax return preparers testified at the trial that they relied on information in certain summary schedules, or "trial balances", provided by the accounting department of petitioner's S corporation. They testified that they used these trial balances to prepare petitioner's and his S corporation's returns for the years at issue. However, no evidence was presented to show that the tax return preparers were supplied with correct information or that the filing of the incorrect returns was the result of the preparers' errors. See Ma-Tran Corp. v. Commissioner, 70 T.C. 158, 173 (1978). Even though petitioner's tax returns for 2008-10 were facially incorrect because his tax return preparers failed to attach detailed schedules showing computations for his claimed net operating loss deductions; they were also factually incorrect because petitioner failed to provide the preparers with the necessary and correct information to claim the loss deductions. Therefore, we find that petitioner has failed to carry his burden of establishing that there was reasonable cause for, and that he acted in good faith

**[\*14]** with respect to, the underpayments for tax years 2008-10.  Accordingly, we sustain the accuracy-related penalties respondent determined for these years.

We have considered the other arguments of the parties, and they are not material to our conclusions.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.