T.C. Summary Opinion 2017-55

UNITED STATES TAX COURT

ATEF FAHMEY ISAAC, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16826-16S.                    Filed July 20, 2017.

Atef Fahmey Isaac, pro se.

<u>Sandeep Singh</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, subsequent section references are to the

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated May 13, 2016, respondent determined a deficiency of $18,332 in petitioner's 2013 Federal income tax and a section 6662(a) accuracy-related penalty of $3,667.

After concessions,[2] the issue for decision is whether petitioner is liable for the accuracy-related penalty under section 6662(a) for the year in issue.

## Background

Petitioner resided in California when his petition was timely filed.

Petitioner is an electrical engineer and has filed Federal income tax returns since 2001.

Petitioner timely filed his 2013 Form 1040, U.S. Individual Income Tax Return, reporting wages of $132,962, investment income of $123,598, and tax due of $25,675. When preparing his 2013 Form 1040, petitioner did not properly

[1](...continued)
Internal Revenue Code in effect for the year in issue. We round monetary amounts to the nearest dollar.

[2]Petitioner conceded the adjustments set forth in the notice of deficiency as follows: (1) inclusion of a taxable State income tax refund of $2,969; (2) adjustment to itemized deductions of $59; (3) alternative minimum tax (AMT) of $15,308; and (4) net investment income tax of $2,262 pursuant to sec. 1411. Petitioner disputes the accuracy-related penalty.

account for and compute the AMT or the net investment income tax, nor did he report his taxable State income tax refund.

Petitioner prepared his 2013 Form 1040 without the use of tax preparation software. Petitioner did not consult a certified public accountant (C.P.A.), a tax return preparer, or another professional in the preparation of his return. As indicated, petitioner does not dispute the adjustments determined in the notice of deficiency except for the accuracy-related penalty.

## Discussion

Section 6662(a) and (b)(2) imposes an accuracy-related penalty on any portion of an underpayment of Federal income tax that is attributable to the taxpayer's "substantial understatement of income tax." An understatement of Federal income tax is substantial if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return for the taxable year or $5,000. Sec. 6662(d)(1)(A).

The Commissioner bears the burden of production with respect to a section 6662 penalty. Sec. 7491(c). In order to meet this burden the Commissioner need only make a prima facie case that imposition of the penalty or addition to tax is appropriate. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). If the understatement of income tax for the year in issue is substantial, the Commissioner

has satisfied the burden of producing evidence that the penalty is justified. Respondent met this burden because the amount of petitioner's understatement for 2013 is substantial.[3]

Once the Commissioner has met his burden, the taxpayer may avoid a section 6662(a) accuracy-related penalty if he can demonstrate (1) reasonable cause for the underpayment and (2) that he acted in good faith with respect to the amount paid. Sec. 6664(c)(1). A determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances", including: (1) the taxpayer's efforts to assess the proper tax liability; (2) the knowledge and the experience of the taxpayer; and (3) any reliance on the advice of a professional such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs. Circumstances that indicate reasonable cause and good faith include an honest misunderstanding of law that is reasonable in light of all the surrounding facts. Id. Generally, the most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability. Id. Statutory complexity

---

[3]The amount of tax required to be shown on petitioner's 2013 return is $44,007 ($25,675 reported on return + $18,332 increase in tax = $44,007). This $18,332 increase in tax is greater than $5,000, which is greater than $4,401, which is 10% of $44,007. See sec. 6662(d)(1)(A).

alone does not constitute reasonable cause. Barnes v. Commissioner, T.C. Memo. 2012-80, 2012 WL 952760, at *15, aff'd, 712 F.3d 581 (D.C. Cir. 2013).

Petitioner offered little argument or evidence to meet his burden of proof that there was reasonable cause for the underpayment. Petitioner's only argument was that he did not understand that he owed the additional tax; for example, he testified that he was not aware of the AMT or the net investment income tax until he received the notice of deficiency. Petitioner's assertions that he did not understand that he owed the AMT or the net investment income tax are insufficient to demonstrate reasonable cause and good faith. See id. Petitioner is not an unsophisticated taxpayer; he is a professional, an electrical engineer, who has filed Federal income tax returns for a number of years. Petitioner cannot rely on the advice of a professional because he did not consult a professional such as a C.P.A. or a tax return preparer. See sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner did not demonstrate that he made a sufficient effort to assess the proper tax liability. Petitioner testified that he read the instructions for the forms when preparing his 2013 Form 1040, but it is unclear which of these instructions he read. Petitioner was aware of tax preparation software and other resources

available to him to assist with preparing his Federal income tax returns.[4]

Petitioner did not consult any resources outside of the instructions, such as an Internal Revenue Service publication or any online resources.  See sec. 6664(c)(1); sec. 1.6664-4(b)(1), Income Tax Regs.  Therefore, we conclude that petitioner did not prove that he acted with reasonable cause and in good faith.

Accordingly, we sustain the accuracy-related penalty.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.

---

[4]Petitioner testified that he used tax preparation software to assist with preparing his Federal income tax returns for other tax years, and it appears that he used tax preparation software for his 2012 Form 1040, which was electronically prepared and timely filed.  It does not appear that respondent made any adjustments to petitioner's 2012 return.