T.C. Summary Opinion 2019-13

UNITED STATES TAX COURT

JENNIFER ESTEEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5367-18S.                          Filed July 2, 2019.

Jennifer Esteen, pro se.

<u>Elizabeth F. Rodoni</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated December 26, 2017, respondent determined a deficiency in petitioner's Federal income tax of $6,186 and a section 6662(a) penalty of $1,237 for the taxable year 2015.

After submission of this case the Court contacted the parties to consider matters that had not been fully developed. Thereafter, a joint stipulation of settled issues was filed with the Court on May 16, 2019. After concessions,[2] the issues

---

[1](...continued)
Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All amounts are rounded to the nearest dollar amount.

[2]Petitioner withdrew $2,413 from her Roth individual retirement account (IRA) account in 2015. The parties have stipulated that petitioner was entitled to exclude $1,850 from gross income on that year's tax return. Petitioner did not allege, in her petition or at trial, that she was entitled to exclude the remaining $563 distribution from gross income. That issue is therefore deemed conceded. See Rule 34(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); cf. Lloyd v. Commissioner, T.C. Memo. 2017-60, at *7 n.3 (deeming similarly conceded any sec. 6751(b)(1) challenge to assessable penalties in a sec. 6330 levy case). In the notice of deficiency respondent determined a 10% additional tax pursuant to sec. 72(t) related to the Roth IRA. However, petitioner used the distributed funds to purchase a home in 2015. The parties have stipulated that petitioner qualified for the first time home purchase exception under sec. 72(t)(2)(F) for tax year 2015. Thus, respondent has conceded the issue, and petitioner is not subject to the additional tax for premature distribution from a retirement plan. See sec. 72(t)(2)(F).

for decision are whether petitioner is (1) entitled to certain car and truck expense deductions claimed on Schedule C, Profit or Loss From Business, (2) entitled to a claimed Schedule C expense deduction for "education" (education expense deduction), (3) entitled to a deduction for use of a portion of her home as an office, and (4) liable for a penalty pursuant to section 6662(a) for a substantial understatement of income tax and/or negligence.

## Background

Some of the facts have been stipulated and are so found. Petitioner resided in California at the time the petition was filed. The facts in this record are somewhat incomplete because of the limited documents and narrative provided by the parties.

During 2015 petitioner performed services as a psychiatric mental health nurse and received salaries from the City and County of San Francisco and the Kaiser Permanente Medical Group. In addition to her work as a salaried employee, petitioner received $12,000 in gross receipts from her sole proprietorship nursing activity. Petitioner apparently traveled to various facilities to provide services to patients as a private nurse. With respect to her nonemployee nursing activity, petitioner maintained a one-page calendar where she made notes of locations to which she traveled. At some point after the year in issue petitioner

completed a more detailed schedule which included the dates, locations, and mileage.

Petitioner purchased a home in 2015. See supra note 2. Petitioner asserts that she used some part of the house as a home office. The record includes no details of the work performed by petitioner in the home office.

On her 2015 return petitioner completed a Schedule C, which reflected $12,000 in gross receipts and $36,470 in reported expenses. In a notice of deficiency respondent disallowed (1) claimed Schedule C car and truck expense deductions of $15,813 and (2) a claimed Schedule C education expense deduction of $3,221. The notice of deficiency also determined a penalty pursuant to section 6662(a).

At the time of the filing of the petition an amended 2015 tax return was submitted to the Court. The amended return, which was not processed by the Internal Revenue Service (IRS), was attached as an exhibit to the stipulation of facts. The amended return included a Schedule C which reported zero in gross receipts and $40,926 in expenses. The increase in reported Schedule C expenses is due to including a deduction for depreciation and insurance and other minor changes to amounts reported on the original Schedule C. The amended return also reported as income $2,413 as an IRA distribution and an additional tax of $241

which was not reported on the original return. Petitioner claimed an education expense deduction of $3,221 on the original Schedule C, as well as an apparent duplicate education expense deduction of $3,107 on Schedule A, Itemized Deductions, on the original return. The amended return did not make any changes to the Schedule C education expense deduction.

The original and amended returns were prepared by petitioner's tax return preparer. Petitioner had very little knowledge of the contents of her return or amended return.

## Discussion

### Burden of Proof

In general the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has not asserted or otherwise shown that section 7491(a) applies. See sec. 7491(a)(2)(A) and (B). Therefore, petitioner bears the burden of proof.

Claimed Schedule C Expense Deductions

Section 162(a) generally allows deductions for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. In general no deduction is permitted for personal, living, or family expenses. Sec. 262(a). The taxpayer bears the burden of proving that expenses were of a business nature rather than personal and that they were ordinary and necessary. Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving he or she is entitled to any deduction claimed. Thus, the taxpayer is required to maintain records sufficient to substantiate expenses underlying deductions claimed on his or her return. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.; see New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). If the taxpayer is able to establish that he or she paid or incurred a deductible expense but is unable to substantiate the precise amount, the Court generally may approximate the deductible amount, but only if the taxpayer presents sufficient evidence to establish a rational basis for making the estimate. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); see also Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Business expenses specified in section 274 are subject to rules of substantiation that supersede the Cohan rule. See sec. 274(d); Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Section 274(d) applies to certain business expenses including, among other things, expenses for gifts, listed property,[3] and travel (including meals and lodging while away from home). To substantiate a deduction attributable to travel expenses, a taxpayer must maintain adequate records or present corroborative evidence of the taxpayer's own statement to show the following for each expense: (1) the amount, (2) the time, (3) the place, and (4) the business purpose. Sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46015 (Nov. 6, 1985). To substantiate expenses relating to passenger automobiles, a taxpayer must substantiate with adequate records or sufficient evidence corroborating his or her own statement: (1) the amount of each separate expense, (2) the mileage for each business use of the passenger automobile and the total mileage for all purposes during the taxable period, (3) the date of the business use, and (4) the business purpose of the use. See id. subpara. (6), 50 Fed. Reg. 46016.

---

[3]Listed property includes any "passenger automobile". Sec. 280F(d)(4).

With respect to the disallowed car and truck expense deduction, petitioner has failed to satisfy her burden of proof. Petitioner's testimony was vague and lacked any specificity. Her meager records, including a one-page calendar, were likewise not helpful. Petitioner has failed to adequately substantiate the reported expenses as required by section 274(d). Accordingly, we sustain respondent's disallowance of the claimed Schedule C car and truck expense deduction.

Petitioner failed to provide any explanation as to the claimed Schedule C education expense deduction. When it was pointed out to petitioner that she also claimed an education expense deduction in excess of $3,000 on her Schedule A, she could not explain what appears to be a duplication. Accordingly, we sustain respondent's disallowance of the claimed Schedule C education expense deduction.

Home Office Claim and the Amended Return

Petitioner was unable to explain many of the differences between the amounts shown on the original return and those on the amended return. For example, she acknowledged that she received self-employment income and that the $12,000 reported on the original return was accurate. She could not explain why her amended return reported no gross receipts. Petitioner failed to provide any explanation other than that she relied on her tax return preparer.

As a general rule, section 280A(a) denies a deduction with respect to a dwelling unit that the taxpayer uses as a residence. Section 280A(c)(1)(A) permits the deduction of expenses allocable to a portion of a dwelling unit that the taxpayer uses exclusively and regularly as the principal place of business for the taxpayer's trade or business. As petitioner reported this amount on her Schedule C, we presume that she believes this expenditure relates to her sole proprietorship activity rather than her activity as an employee. Petitioner presented some general testimony that she purchased a home and expended funds for improvements. She further provided a document which details expenditures made for her home. The document reflects that $24,429 was expended for home improvements, of which $6,170 relates to a home office.

While petitioner presented some limited substantiation of expenditures relating to her home improvement activities, no information was provided to the Court describing the nature of any business activity that took place in petitioner's home or the physical space in which any such activity might have taken place. Petitioner simply failed to present sufficient evidence to establish entitlement to a home office deduction.

Accuracy-Related Penalty--Section 6662

Section 6662(a) and (b)(2) imposes an accuracy-related penalty on any portion of an underpayment of Federal income tax that is attributable to the taxpayer's "substantial understatement of income tax." An understatement of Federal income tax is substantial if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

The Commissioner bears the burden of production with respect to a section 6662 penalty. Sec. 7491(c).[4] In order to meet this burden the Commissioner need only make a prima facie case that imposition of the penalty is appropriate. Higbee

[4]The Commissioner's burden of production for penalties imposed under sec. 6662(a) includes the burden of producing evidence establishing that the penalties were "personally approved (in writing) by the immediate supervisor of the individual making such determination" as required by sec. 6751(b)(1), unless a statutory exception applies. See Chai v. Commissioner, 851 F.3d 190, 217, 221-222 (2d Cir. 2017), aff'g in part, rev'g in part T.C. Memo. 2015-42; Graev v. Commissioner, 149 T.C. 485 (2017), supplementing and overruling in part, 147 T.C. 460 (2016). Respondent asserts that the penalty is subject to the exception for calculation through electronic means, see sec. 6751(b)(2)(B), because petitioner's return was examined by respondent's Correspondence Examination Automation Support program and no response was received from petitioner before the issuance of the notice of deficiency. We note that in Walquist v. Commissioner, 152 T.C. __, __ (slip op. at 15) (Feb. 25, 2019), the Court held that where "the penalty was determined mathematically by a computer software program without the involvement of a human IRS examiner, * * * the penalty was 'automatically calculated through electronic means,' sec. 6751(b)(2)(B), as the plain text of the statutory exception requires." The exception applies in this case.

v. Commissioner, 116 T.C. 438, 446 (2001).  If the understatement of income tax for the year in issue is substantial, the Commissioner has satisfied the burden of producing evidence that the penalty is justified.  Respondent met this burden because the amount of petitioner's understatement for 2015 is substantial.

Once the Commissioner has met his burden, the taxpayer may avoid a section 6662(a) accuracy-related penalty to the extent he or she can demonstrate (1) reasonable cause for the underpayment and (2) that she acted in good faith with respect to the amount paid.  Sec. 6664(c)(1).  A determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances", including:  (1) the taxpayer's efforts to assess the proper tax liability, (2) the knowledge and the experience of the taxpayer, and (3) any reliance on the advice of a professional such as an accountant.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Circumstances that indicate reasonable cause and good faith include an honest misunderstanding of law that is reasonable in the light of all the surrounding facts.  Id.  Generally, the most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability.  Id.  Statutory complexity alone does not constitute reasonable cause.  Barnes v. Commissioner, T.C. Memo. 2012-80, 2012 WL 952760, at *15, aff'd, 712 F.3d 581 (D.C. Cir. 2013).

Petitioner offered little argument or evidence to meet her burden of proof that there was reasonable cause for the underpayment. Petitioner asserted that she relied upon her tax return preparer for the original tax return and the amended return submitted to the Court. As discussed herein the original and amended returns are not consistent with petitioner's testimony. The varying positions do not assist the Court in attempting to discern the facts and the correct tax liability.

Petitioner did not demonstrate that she made a sufficient effort to assess the proper tax liability. Therefore, while petitioner may very well have acted in good faith, we conclude that she did not prove that she acted with reasonable cause as to any of the issues for which we have sustained respondent's determination. Accordingly, we sustain the accuracy-related penalty.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit. To give effect to our disposition of the disputed issues, as well as the parties' concessions, see supra note 2,

Decision will be entered under

Rule 155.