# United States Tax Court

T.C. Summary Opinion 2022-21

JOSHUA M. YAGUDA AND JOELI YAGUDA,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 19113-19S.                         Filed October 20, 2022.

————

Joshua M. Yaguda and Joeli Yaguda, pro sese.

*Daniel Z. Nettles*, for respondent.

## SUMMARY OPINION

PANUTHOS, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated July 31, 2019, respondent determined a deficiency in petitioners' federal income tax of $29,201 and a section 6662(a) accuracy-related penalty of $5,840.20 for taxable year 2015 (year in issue).

———————

[1] Unless otherwise indicated all statutory references are to the Internal Revenue Code (Code), Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are:

(1)    whether $7,188 in taxable interest of Estate Financial, Inc. (EFI), is includible in petitioners' income for the year in issue;

(2)    whether a $97,565 distributive share of income of EFI is includible in petitioners' income for the year in issue; and

(3)    whether petitioners are liable for a section 6662(a) accuracy-related penalty for the year in issue.

## *Background*

Some of the facts have been stipulated and are so found. We incorporate the Stipulation of Facts and attached Exhibits by this reference. The record consists of the Stipulation of Facts with attached Exhibits and the testimony of Mr. Yaguda (petitioner).

Petitioners resided in California when the Petition was timely filed.

## I.    *Estate Financial, Inc.*

EFI was incorporated in California in 1991. At that time EFI made a valid election to be treated as an S corporation. During the year in issue, EFI conducted business as a loan service provider. Petitioners held a 10% shareholder interest in EFI, while petitioners' daughter, Isabella Yaguda, held a 5% shareholder interest.

On June 25, 2008, a creditor filed an involuntary bankruptcy petition against EFI. On July 16, 2008, the case was converted to a voluntary chapter 11 bankruptcy. Subsequently, Thomas P. Jeremiassen was appointed trustee in the bankruptcy proceedings. The chapter 11 bankruptcy proceeding continued throughout the year in issue.

During the year in issue, as directed by the trustee, EFI engaged in business activity, including liquidating certain assets. Petitioner was aware of the trustee's directing of EFI during the year in issue, in servicing loans, generating fees, and liquidating assets. Pursuant to EFI's election as an S corporation, EFI filed with the Internal Revenue Service (IRS) several Schedules K–1, Shareholder's Share of Income, Deductions, Credits, etc., for shareholders, which included petitioners

and their daughter. Petitioners' EFI Schedule K–1 for the year in issue, filed with the IRS, reported that they were allocated ordinary business income of $81,464, a net rental real estate loss of $16,421, and interest income of $4,792. Petitioners' daughter's EFI Schedule K–1 for the year in issue, filed with the IRS, reported that she was allocated ordinary business income of $40,732, a net rental real estate loss of $8,210, and interest income of $2,396.

II.    *Petitioner's Criminal Proceedings*

In 2007 petitioner was arrested and charged with several counts of securities fraud. On October 16, 2008, a Notice of Pendency of Action (Lis Pendens) was filed in the criminal proceeding in the California Superior Court, listing petitioner's property and assets, including petitioners' shares in EFI, to be preserved from any transfer, conveyance, or encumbrance. Petitioner entered a plea agreement on October 5, 2009, in which he relinquished and forfeited assets.

In the sentencing hearing on December 7, 2009, petitioner's interest in EFI, which was subject to the bankruptcy proceedings, was assigned to the District Attorney's Office of the County of San Luis Obispo to oversee for the benefit of the victims of the securities fraud. In addition, the court requested that EFI's bankruptcy trustee inform the County of San Luis Obispo of the bankruptcy proceedings and any distributions made to investors. On July 15, 2010, the court appointed a receiver for the purpose of liquidating assets and paying restitution to victims. Petitioner remained incarcerated until 2012.

III.    *Petitioners' Tax Return and Examination*

Petitioners timely filed Form 1040, U.S. Individual Income Tax Return, for the year in issue on June 6, 2016. It was prepared by a certified public accountant (CPA). Petitioners reported adjusted gross income of $110,444 on their Form 1040. The return included Schedule E, Supplemental Income and Loss, on which petitioners reported total supplemental income of $29,880. Petitioners' tax return did not include amounts reported on EFI's Schedules K–1 filed with the IRS.

In a letter dated August 31, 2016, the bankruptcy trustee informed petitioners of the filing of the EFI Schedule K–1 as a result of EFI's S corporation election. The bankruptcy trustee also informed petitioners that that the receiver appointed by the court in the criminal

proceeding had effectively abandoned petitioners' EFI shares, thus leaving those shares in their names without any oversight.

Examination of petitioners' 2015 return began on August 25, 2017. Respondent subsequently determined that petitioners had failed to include in income amounts attributable to their interest in EFI. Respondent also determined that petitioners should have included in income the unearned income of their daughter, pursuant to section 1(g).[2] On December 6, 2018, a Form 300, Civil Penalty Approval Form, was approved by the examiner's manager on the basis of petitioner's failure to report the flowthrough income.

On July 31, 2019, respondent issued a notice of deficiency to petitioners for the year in issue. Respondent adjusted petitioners' income to include $7,188 in taxable interest and $97,565 in distributive share of income of EFI.

*Discussion*

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[3] In order for the presumption of correctness to attach to the deficiency determination in unreported income cases, the Commissioner must establish "some evidentiary foundation" connecting the taxpayer with the income-producing activity or demonstrate that the taxpayer received unreported income. *Weimerskirch v. Commissioner*, 596 F.2d 358, 361–62 (9th Cir. 1979), *rev'g* 67 T.C. 672 (1977). Once the Commissioner introduces such evidence, the burden shifts to the taxpayer to show by a preponderance of the evidence that the determination was arbitrary or erroneous. *Klootwyk v. Commissioner*, T.C. Memo. 2006-130, slip op. at 4–5.

Petitioners do not dispute that they held interests in EFI in years before the year in issue or the amounts EFI reported on the Schedules K–1 for the year in issue. Petitioner even testified that he was aware

---

[2] Under section 1(g), certain unearned income of children is taxed as the parent's income. Petitioners' daughter was under the age of 18 during the year in issue.

[3] Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners have neither alleged that section 7491(a) applies nor established their compliance with its requirements. Therefore, petitioners bear the burden of proof.

that the bankruptcy trustee was directing EFI's activities during the year in issue to service loans, generate fees, and liquidate assets. Therefore, on the basis of this record, including the Schedules K–1 filed with the IRS by EFI for the year in issue, respondent has established "some evidentiary foundation" connecting petitioners with the income producing activity. *See Weimerskirch v. Commissioner*, 596 F.2d at 362. Respondent has met his burden as to the unreported income determined in the notice of deficiency.

I.      *Ownership of EFI Shares*

Petitioners assert that pursuant to petitioner's plea in the criminal proceedings, all of their ownership interest in EFI was transferred to the receivership created by the California Superior Court. Petitioners assert that the receivership is required to pay and discharge all of the expenses of the receivership, including any tax liabilities imposed.

Petitioners submitted the record in the criminal proceedings in support of the receivership's notice purportedly assuming ownership of the EFI interest. The Lis Pendens notice includes the EFI interest, and the sentencing transcript notes that petitioner's interest in EFI, subject to the bankruptcy proceedings, is assigned to the District Attorney's Office of the County of San Luis Obispo. Nevertheless, the record does not support a finding that the receivership exercised control or ownership of the EFI interest. Rather, the sentencing hearing transcripts reflect the California court's intention to defer to the bankruptcy trustee, requesting information about the proceedings and any distributions. Even if the receivership had authority to claim the EFI interest, in the letter dated August 31, 2016, the bankruptcy trustee informed petitioners that the receivership trustee had abandoned the EFI interest, leaving the shares in the ownership of petitioners.

Alternatively, petitioners assert that they abandoned the interest before the year in issue. A partner can abandon his partnership interest for federal tax purposes. *See Citron v. Commissioner*, 97 T.C. 200, 213 (1991). In such a case, an affirmative act to abandon must be ascertained from all the facts and surrounding circumstances. Intention alone is not sufficient to accomplish abandonment but must be accompanied by an affirmative act of abandonment. *See Beus v. Commissioner*, 261 F.2d 176, 180 (9th Cir. 1958), *aff'g* 28 T.C. 1133 (1957); *United Cal. Bank v. Commissioner*, 41 T.C. 437, 451 (1964), *aff'd*

*per curiam*, 340 F.2d 320 (9th Cir. 1965). From the record, the Court is unable to ascertain an affirmative act to abandon the interest.

Petitioners have not established that their EFI ownership interest was transferred or abandoned.[4] Therefore, we conclude that petitioners retained the EFI ownership interest during the year in issue.

## II. *EFI's S Corporation Income*

An S corporation is generally not subject to federal income tax at the entity level. *See* § 1363(a). Instead, the corporation's income, losses, deductions, and credits are passed through to the shareholders as their pro rata shares. § 1366(a). The S corporation's income is taxable to the shareholder regardless of whether any income is distributed. Treas. Reg. § 1.1366-1(a)(1). Once an entity elects S corporation status, the election is effective for all succeeding taxable years until terminated. § 1362(c). The election will be terminated if and only if (1) the shareholders make an affirmative revocation, (2) the entity ceases to be a "small business corporation," or (3) the entity's passive investment income exceeds 25% of its total gross receipts for the previous three years. *See* § 1362(d).

Petitioners do not dispute that EFI had not revoked its S corporation election, nor had it ceased to be a "small business corporation." There is no evidence in the record that EFI's passive income exceeded 25% of its total gross receipts for the previous three years. The Court concludes that EFI was an S corporation during the year in issue.

The filing of a petition in bankruptcy court generally creates a bankruptcy estate, which is a separate entity for bankruptcy purposes and a separate taxpayer for federal income tax purposes. *See* § 1398. Section 1398 does not apply to corporations. *See* § 1399. In an S corporation, shareholders remain liable for any income that is taxable and generated after the bankruptcy is filed, even when no benefit is received. *See Mourad v. Commissioner*, 121 T.C. 1, 6 (2003), *aff'd*, 387 F.3d 27 (1st Cir. 2004).

As a result, EFI shareholders remained liable for any taxable income generated after the bankruptcy filing, even though no actual

---

[4] Alternatively, petitioners assert that the receivership was a Qualified Settlement Fund within the meaning of section 468B. Since we conclude that the receivership did not take ownership of the EFI interest, we need not opine further.

benefit was received. Petitioners have not presented any evidence demonstrating that the taxable interest and distributive share of income as reported in the EFI Schedule K–1 issued to them is not taxable to them.

Petitioners also assert that their daughter's taxable interest in and distributive share of income of EFI should not be included in their income for the year in issue. Section 1(g) provides that certain unearned income of children is taxed as the parent's income if the child is under the age of 18 at the close of the taxable year. Petitioners' daughter was under the age of 18 at the close of the taxable year. Petitioners have not presented any evidence demonstrating that their daughter's taxable interest and distributive share of income as reported in the EFI Schedule K–1 are not taxable to them.

Accordingly, we sustain respondent's determination with respect to the unreported taxable interest and distributive share of income attributable to petitioners from EFI.

III.    *Section 6662(a) Accuracy-Related Penalty*

Respondent determined that petitioners are liable for an accuracy-related penalty on their underpayment for the year in issue, due to either substantial understatement of income tax or negligence. Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty of 20% on any portion of an underpayment of federal income tax attributable to the taxpayer's "[n]egligence or disregard of rules or regulations" or "substantial understatement of income tax."

An understatement of federal income tax is substantial if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return or $5,000. § 6662(d)(1)(A).

"Negligence" includes any failure to make a reasonable attempt to comply with the Code and any failure to keep adequate books and records or to substantiate items properly. § 6662(c); Treas. Reg. § 1.6662-3(b). Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances. *See Allen v. Commissioner*, 92 T.C. 1, 12 (1989), *aff'd*, 925 F.2d 348 (9th Cir. 1991).

The Commissioner bears the burden of production with respect to a section 6662 penalty. § 7491(c).[5] To satisfy that burden the Commissioner must offer sufficient evidence to indicate that it is appropriate to impose the penalty. *See Higbee v. Commissioner*, 116 T.C. 438, 446 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to show the Court that the determination is incorrect. *Id.* at 446–47. If the understatement of income tax for the year in issue is substantial, the Commissioner has satisfied the burden of producing evidence that the penalty is justified.

Respondent proposed an increase in tax of $29,201 for the year in issue, increasing petitioners' total tax liability to $41,311. Respondent has met his burden because the amount of petitioners' understatement for the year in issue was "substantial," in that it exceeded the greater of 10% of the tax required to be shown on the return or $5,000. *See* § 6662(d)(1)(A).

Once the Commissioner has met his burden, the taxpayer may avoid a section 6662(a) accuracy-related penalty to the extent that he or she can demonstrate (1) reasonable cause for the underpayment and (2) that he or she acted in good faith with respect to the amount paid. § 6664(c)(1). The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances, including: (1) the taxpayer's efforts to assess the proper tax liability, (2) the knowledge and experience of the taxpayer, and (3) reliance on the advice of a tax professional. Treas. Reg. § 1.6664-4(b)(1). An honest misunderstanding of the law that is reasonable in the light of the facts and circumstances may support a conclusion that a taxpayer acted with reasonable cause and in good faith with respect to a reported position. *Id.*; *see also Higbee*, 116 T.C. at 448–49. Generally, the most important factor is the extent of the taxpayer's efforts to assess his or her proper tax liability. Treas. Reg. § 1.6664-4(b)(1). Statutory complexity alone does not constitute reasonable cause. *Barnes v. Commissioner*, T.C. Memo. 2012-80, *aff'd*, 712 F.3d 581 (D.C. Cir. 2013).

---

[5] The burden of production includes producing evidence establishing that the penalty was "personally approved (in writing) by the immediate supervisor of the individual making such determination" unless a statutory exception applies. § 6751(b)(1). On the basis of the Form 300 signed by the examiner's supervisor on December 6, 2018, respondent has met his burden.

Petitioners made a reasonable, good faith effort to correctly assess their tax liability. Petitioners timely filed their tax return, reported other passive income, and provided documentation in support. Further, they relied on the assistance of a CPA in preparing their return. It was not entirely clear from the proceedings in the California Superior Court and the bankruptcy court the tax treatment of the shares in EFI.

Given the complexity of the interplay between the bankruptcy proceedings and the receivership, and further noting that petitioners did not actually receive any funds as a distribution from EFI, we conclude that petitioners' failure to include the distributive share of income of EFI in the year in issue does not subject them to the penalty that respondent determined.

On the basis of our findings, respondent's determination as to the applicability of the accuracy-related penalty for the year in issue is not sustained.

We have considered all of petitioners' arguments, and to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for respondent as to the deficiency and for petitioners as to the accuracy-related penalty under section 6662(a).*