T.C. Summary Opinion 2020-1

UNITED STATES TAX COURT

JANET MIOKO STOVALL AND DAVID DUNSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16116-17S.                    Filed January 6, 2020.

Janet Mioko Stovall and David Dunson, pro sese.

<u>Charles A. S. Wiseman</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, subsequent section references are to the

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated May 1, 2017, respondent determined the following deficiencies and penalties:

|  |  | Penalty |
| Year | Deficiency | sec. 6662(a) |
| 2014 | $14,775 | $2,955 |
| 2015 | 40,425 | 8,085 |

Petitioners concede that they received and did not report the following income items for tax year 2014: (1) cancellation of debt income of $18,163,[2] (2) cancellation of debt income as a result of forgiven interest of $800, and (3) an individual retirement account distribution of $140. Petitioners further concede the following deductions claimed on their 2014 tax return: (1) student loan interest of $295, (2) deductions claimed on Schedule A, Itemized Deductions, of $4,929, and

[1](...continued)
Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

[2]The notice of deficiency determined that petitioners failed to report cancellation of debt income of $18,239. Third parties reported to respondent that petitioners received cancellation of debt income of $18,163. Respondent concedes the balance of the adjustment of $76.

(3) a deduction claimed on Schedule C, Profit or Loss From Business, other expenses for "Start Up" of $2,300. For tax year 2015, petitioners concede that they received and failed to report income from State refunds, credits, or offsets of $8,797. They further concede the following deductions claimed on their 2015 tax return: (1) student loan interest of $1,963, (2) Schedule A deductions of $2,443, (3) Schedule C legal and professional services expenses of $960, (4) Schedule C contract labor expenses of $600, (5) Schedule C commissions and fees expenses of $1,250, and (6) Schedule C advertising expenses of $7,577.

The notice of deficiency determined that petitioners failed to report gambling income of $25,250 for tax year 2015. Respondent concedes that petitioners had gambling losses in excess of the amount of their gambling winnings in that year. As a result, petitioners are entitled to an additional miscellaneous itemized deduction not subject to the 2% percent floor up to the amount of their gambling income for tax year 2015.

After concessions, the issues for decision are whether petitioners are: (1) entitled to deduct Schedule C expenses for tax years 2014 and 2015 and (2) liable for accuracy-related penalties under section 6662(a) for tax years 2014 and 2015 for underpayments due to substantial understatements of income tax and/or negligence.

## Background

Some of the facts have been stipulated and are so found. Petitioners are married and resided in North Carolina when the petition was timely filed.

I.   Petitioners' Business Activity and Employment

Janet Mioko Stovall and David L. Dunson have been married since 2007 and have six children. In tax years 2014 and 2015 Mr. Dunson worked for FedEx Freight, Inc. Ms. Stovall has been a nurse since 1993. She first obtained a bachelor's degree and later received a master's degree in business and a master's degree in health administration. Over the course of her career Ms. Stovall has worked for multiple healthcare companies, including 10 years at Kaiser Permanente, where she eventually became a nurse executive.

During the tax years in issue Ms. Stovall worked as a nurse executive for B.E. Smith Interim Services, Inc. (B.E. Smith), headquartered in Lenexa, Kentucky. B.E. Smith provides interim and permanent healthcare executives to healthcare facilities with vacancies. B.E. Smith paid her wages of $152,821 in 2014 and $103,207 in 2015.

While working for B.E. Smith, Ms. Stovall recognized a need in the healthcare industry for hospital personnel to fill hospital facility vacancies. To fill this need petitioners began operating a business known as Nursing Leadership

Consulting, LLC (NLC), in 2014. NLC was organized to assist medical organizations and institutions in short-term personnel placement. Mr. Dunson was NLC's chief executive officer. His duties included writing and executing business contracts. Ms. Stovall was a consulting executive nurse, fulfilling some of NLC's staffing contracts.

Although petitioners eventually incorporated NLC and began issuing Forms 1099-MISC, Miscellaneous Income, to its workers, Ms. Stovall did not educate herself on business operations and recordkeeping software for the tax years in issue.

## II.     Petitioners' Personal and Business Residences

Petitioners owned a home in Winston-Salem, North Carolina, during the years in issue. Petitioners also rented or owned multiple residences that had some relationship to the business activity of NLC. NLC provided housing for some of the hospital employees placed in temporary positions. In April 2015 petitioners took out a "wrap" loan for a house in Georgia (Georgia residence). A wrap loan is a financing agreement in which the buyer pays interest to the seller in advance of a later principal payment to finalize the purchase. The Georgia residence was used as housing for travel nurses that NLC placed at hospitals in the Atlanta metropolitan region. The 11,000-square-foot house had nine bedrooms, eight

bathrooms, and a pool. The sale of the Georgia residence fell through in the fall of 2015, and petitioners entered into a second wrap loan financing transaction for a replacement home (second Georgia residence) on the same street in November 2015.

Ms. Stovall also rented a studio apartment in Folsom, California, while working on nursing contracts within driving distance of the apartment. She paid approximately $1,300 in rent per month to Folsom Ranch Apartments during 2015. Although there was some vague reference to one additional NLC rental property held in 2015, reliable evidence of expenses related to that property was not included in the record.

III.    Petitioners' Tax Returns and Respondent's Adjustments

Petitioners jointly filed Form 1040, U.S. Individual Income Tax Return, for each tax year in issue. Petitioners did not hire a tax return preparer to assist with their tax return preparation and filing. Respondent determined that petitioners failed to substantiate certain reported Schedule C expenses related to NLC for both tax years.

Petitioners timely filed their Federal income tax return for 2014, reporting their address as that of the Georgia residence. Petitioners reported $192,908 in wage income. On Schedule A for 2014 they reported $72,909 in itemized

deductions. They reported $22,663 in unreimbursed employee expenses, consisting of $6,496 in vehicle expenses, $5,400 in travel expenses, $9,650 in other business expenses, and $1,117 in meals and entertainment expenses. The notice of deficiency disallowed Schedule A deductions of $4,929 for 2014.

Petitioners also reported $1,400 in gross receipts and $23,422 in expenses related to NLC for 2014. On the Schedule C, petitioners listed their business address as the Georgia residence. Respondent disallowed deductions for $20,967 in Schedule C expenses for 2014, including $18,667 in car and truck expenses.

Petitioners timely filed their Federal income tax return for 2015 listing their home address as that of Ms. Stovall's apartment in Folsom, California. Petitioners reported $146,938 in wage income. They also reported $76,074 in gross receipts and $125,082 of expenses on Schedule C. They listed the business address of the Schedule C business as the second Georgia residence. Respondent disallowed deductions of $88,937 in Schedule C expenses as claimed on petitioners' return for tax year 2015, including the following Schedule C expenses in issue:

| Expense | Amount |
|---------|--------|
| Utilities | $19,946 |
| Travel | 23,603 |
| Interest--mortgage | 35,000 |
| Total | 78,549 |

Ms. Stovall also reported and respondent allowed $6,775 in unreimbursed employee expenses for 2015, consisting of $3,100 in travel expenses away from home, $3,425 in other business expenses, and $250 in meals and entertainment expenses.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayers bear the burden of proving that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners have not asserted or otherwise shown that section 7491(a) applies. See sec. 7491(a)(2)(A) and (B). Therefore, petitioners bear the burden of proof.

## II.    Petitioners' Schedule C Expense Deductions

Deductions are a matter of legislative grace, and the taxpayers generally bear the burden of proving they are entitled to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Taxpayers claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.

Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business.  Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004).  Generally, no deduction is allowed for personal, living, or family expenses.  See sec. 262(a). Taxpayers must show that any deducted expenses were incurred primarily for business rather than personal reasons.  See Rule 142(a); Walliser v. Commissioner, 72 T.C. 433, 437 (1979).  A proximate relationship between each deducted expense and the business is required.  See Walliser v. Commissioner, 72 T.C. at 437.

Taxpayers are required to maintain records sufficient to substantiate expenses underlying deductions claimed on their return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.; see New Colonial Ice Co. v. Helvering, 292 U.S. at 440. If the taxpayers are able to establish that they paid or incurred a deductible expense but are unable to substantiate the precise amount, the Court generally may approximate the deductible amount, but only if the taxpayers present sufficient evidence to establish a rational basis for making the estimate. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); see also Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). The failure to keep and produce appropriate records counts heavily against the taxpayers' attempted proof. Rogers v. Commissioner, T.C. Memo. 2014-141, at *17.

Section 274(d) imposes stricter substantiation requirements for certain kinds of expenses otherwise deductible under section 162(a). No deduction is allowed for travel expenses, gifts, meals, and entertainment, or for listed property as defined by section 280F(d)(4), unless the taxpayers substantiate by adequate records or corroborate by sufficient evidence the taxpayers' own statements as to: (1) the amount of the expense, (2) the time and place the expense was incurred, (3) the business purpose of the expense, and (4) the recipient's business relationship for each expenditure. Sec. 274(d); sec. 1.274-5T(a), (b), and (c),

Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46016 (Nov. 6, 1985). Section 274(d) substantiation requirements supersede the Cohan test. See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Substantiation by adequate records requires the taxpayers to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or paid bills) of certain expenditures. Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayers' statement specifically detailing the required elements. Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

Respondent asserts that petitioners have not shown a business purpose for certain expenses and have failed to show that other expenses were actually incurred. In addition, respondent asserts that they submitted evidence for expenses that respondent may have already allowed as unreimbursed employee expenses for each tax year.

A.      Car and Truck Expenses--2014

Ms. Stovall claimed a deduction for car and truck expenses on the 2014

Schedule C.  Respondent disallowed deductions for $18,667 of these car and truck

expenses.

Ms. Stovall provided a mileage log to support the claimed car and truck

expense deduction.  Her mileage log shows 14,360 miles driven for business

purposes during 2014 and an additional $4,442 in gas, repairs, and other vehicle

costs.  Most of the entries on the mileage log show five-mile trips that appear to be

commuting trips between her rental apartment in California and her workplace.  In

general, expenses of daily commuting are not deductible because they constitute

personal expenses.  See sec. 1.262-1(b)(5), Income Tax Regs.; see also

sec. 1.162-2(e), Income Tax Regs.  Although there are exceptions to this general

rule, see, e.g., Rehman v. Commissioner, T.C. Memo. 2013-71, at *13-*14

(commuting expenses may be deductible where a taxpayer's residence is her

principal place of business or where she is commuting between her principal place

of business and another place of business), a taxpayer typically bears the burden of

proving that an exception exists permitting the deduction of commuting expenses.

Ms. Stovall did not allege that any such exception applies, and the record does not

support a finding sufficient to invoke any such exception.

The remaining mileage log entries consist of: (1) a cross-country trip from North Carolina to California totaling 2,681 miles on January 13, 2014, (2) a second cross-country trip from North Carolina to California on January 24, 2014, also totaling 2,681 miles, (3) a business seminar in Anaheim, California, from January 25 through January 27, 2014, showing exactly 433 miles driven each way, (4) a trip to a casino for a slot tournament from February 1 to February 3, 2014, indicating mileage of exactly 579 miles each way, (5) a conference and business dinner in Reno/Lake Tahoe from February 8 to February 9, 2014, totaling 249 miles, and (6) a "nurse pickup" logged as 2,688 miles from "home" to "work" at some point in June 2014, followed by a "nurse return" trip from "work" to "home" also totaling 2,688 miles on July 4, 2014.

On the basis of the Court's examination of the mileage log it does not appear to have been created contemporaneously with the claimed trips. The mileage listed for the outbound leg of each of multiple trips exactly matches that of each inbound leg. Further, a number of the trips could not have occurred in a single day as shown on the mileage log. Additionally, Ms. Stovall has not provided sufficient evidence regarding the business purpose of each trip shown. Thus, she did not establish that these expenditures constitute ordinary and

necessary business expenses, nor did she satisfy the substantiation requirements of section 274(d).

Ms. Stovall also provided an invoice for collision and glass repairs of $500 on April 16, 2015, and a carbon copy of a check made out to Caliber Collision for $1,094 on April 29, 2015. These expenses were not incurred in the 2014 tax year, and she did not offer testimony or otherwise establish that the expenses were related to her business. Thus, she did not satisfy the substantiation requirements of section 274(d) (or the requirements of section 162(a)) with respect to the claimed 2014 car and truck expense deduction. Respondent's disallowance of the deduction is sustained.

B.    Utilities and Mortgage Interest Expenses--2015

Petitioners claimed two expense deductions related to the business use of the NLC residences during tax year 2015:  (1) utilities totaling $19,946 and (2) home mortgage interest totaling $35,000. Taxpayers may deduct expenses related to the business use of a home, including utilities and home mortgage interest, if a portion of the residence is regularly and exclusively used as the principal place of business for any of the taxpayers' trades or businesses. Sec. 280A(c)(1)(A).

Respondent has not questioned whether petitioners were engaged in an active trade or business through NLC in 2015. Ms. Stovall claims that 100% of the Georgia residence was used regularly and exclusively as a principal place of business for NLC in 2015. Petitioners reported the address of their second Georgia residence as their business address for NLC on the 2015 Schedule C. Ms. Stovall also testified that during 2015 petitioners' primary residence was in North Carolina and that Mr. Dunson ran NLC from home while caring for their six children.

Ms. Stovall testified that a portion of the claimed utilities expenses was for her apartment in Folsom, California. She testified that the utilities were included in rent and that they were approximately $100 per month. She later contradicted this testimony by asserting that a photocopy of a carbon copy of a check in the record showing $1,386 paid to Folsom Ranch Apartments on July 1, 2015, was only for rent and did not include utilities. Because she was unable to present additional evidence regarding her utilities expenses in Folsom, she did not establish a rational basis for estimating those expenses.

To substantiate most of the claimed utilities expenses, Ms. Stovall has provided documentation related to the Georgia residence for 2015 as well as a number of receipts that do not relate to that year. She has provided a billing and

payment history from Southern Co. showing that she paid approximately $3,768 in utilities expenses from March through December 2015. She has also submitted photocopies of carbon copies of three checks to Georgia Power for $1,276 on February 14, 2015, $680 on April 11, 2015, and $1,091 on September 23, 2015. Notes on the carbon copies indicate that they were paid in relation to registered nurse housing in Georgia. Petitioners also paid $636 ($53 per month) on a home warranty plan related to the Georgia residence. Ms. Stovall has also proffered a water bill dated April 19, 2015, from Henry County Water Co. for the Georgia residence showing an amount due of $577, and a receipt from New Heights Heating and Air Conditioning in Stone Mountain, Georgia, showing $545 paid by Ms. Stovall at the Georgia address for services rendered on January 18, 2015. Petitioners presented evidence of both pool and landscaping services rendered at the Georgia residence but did not supply evidence or testimony regarding any business purpose for pool and landscaping expenses.

We are satisfied that petitioners incurred $8,573 in utilities expenses related to the Georgia residence in 2015 and that the payments were ordinary and necessary business expenses of NLC. The Court sustains respondent's disallowance of a deduction for the utilities expenses to the extent they exceed $8,573.

With regard to reported home interest mortgage expenses, Ms. Stovall has submitted a mortgage interest statement from 2014 for $2,224, a cashier's check related to the Georgia residence for $15,000 dated November 3, 2014, and two Bank of America transfer confirmations showing payments of $20,000 on November 25, 2014, and $9,620 on November 28, 2014. None of the home interest mortgage documents pertain to tax year 2015. Therefore the Court sustains respondent's disallowance of the home mortgage interest expense deduction for 2015.

### C. Travel Expenses--2015

Ms. Stovall testified that she traveled to various locations for her work as a contract nurse executive through NLC in 2015, incurring $23,603 in travel expenses. Travel expenses are subject to the strict substantiation requirements of section 274(d).

Ms. Stovall presented some evidence related to her travel expenses, consisting of a variety of hotel receipts, rental car invoices, and photocopies of carbon copies of checks. She did not, however, provide sufficient evidence to prove that these trips were made in connection with NLC. Respondent allowed petitioners to deduct $3,100 in unreimbursed employee expenses related to travel in 2015, and they have not proven that the travel expenses reported on Schedule C

do not duplicate reported unreimbursed employee expenses. Further, some of petitioner's receipts indicate that the travel expenses may have been incurred for personal reasons in addition to or in place of a business purpose. For example, an invoice for a stay at Home2Suites by Hilton in D'Iberville, Mississippi, indicates that Ms. Stovall paid a pet fee of $75 for her room. Another invoice from the DoubleTree by Hilton in Breckenridge, Colorado, indicates that two adults occupied a room from March 13 to March 14, 2015. For these reasons, she has not satisfied the substantiation requirements of section 274(d) in relation to any of her travel expenses. The Court sustains respondent's disallowance of the claimed travel expense deduction for tax year 2015.

III.  Accuracy-Related Penalty

Respondent determined that petitioners are liable for an accuracy-related penalty for each year in issue. Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on any portion of an underpayment of Federal income tax that is attributable to the taxpayer's "[n]egligence or disregard of rules or regulations" or "substantial understatement of income tax."

An understatement of Federal income tax is substantial if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

"Negligence" includes any failure to make a reasonable attempt to comply with the Code and any failure to keep adequate books and records or to substantiate items properly.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances.  See Allen v. Commissioner, 92 T.C. 1, 12 (1989), aff'd, 925 F.2d 348 (9th Cir. 1991).  The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c).  Disregard of rules or regulations is "careless" if the taxpayer does not exercise reasonable diligence in determining the correctness of a return position that is contrary to a rule or regulation.  Sec. 1.6662-3(b)(2), Income Tax Regs.  Disregard is "reckless" if the taxpayer makes little or no effort to determine whether a rule or regulation exists, under circumstances which demonstrate a substantial deviation from the standard of conduct that a reasonable person would observe.  Id.  Disregard is "intentional" if the taxpayer knows of the rule or regulation that is disregarded.  Id.

The Commissioner bears the burden of production with respect to a section 6662 penalty.  Sec. 7491(c).[3]  In order to meet this burden the Commissioner need

---

[3]The Commissioner's burden of production for penalties imposed under sec. 6662 includes the burden of producing evidence establishing that the penalties

(continued...)

only make a prima facie case that imposition of the penalty is appropriate. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). If the understatement of income tax for the year in issue is substantial, the Commissioner has satisfied the burden of producing evidence that the penalty is justified. On the basis of the conceded items and the conclusions of the Court, respondent met this burden because the amount of petitioners' understatement for each of 2014 and 2015 is substantial.

Once the Commissioner has met his burden, the taxpayer may avoid a section 6662(a) accuracy-related penalty to the extent he or she can demonstrate (1) reasonable cause for the underpayment and (2) that he or she acted in good faith with respect to the amount paid. Sec. 6664(c)(1). The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances, including: (1) the

[3](...continued)
were "personally approved (in writing) by the immediate supervisor of the individual making such determination" as required by sec. 6751(b)(1), unless a statutory exception applies. See Chai v. Commissioner, 851 F.3d 190, 217-218, 221-222 (2d Cir. 2017), aff'g in part, rev'g in part T.C. Memo. 2015-42; Graev v. Commissioner, 149 T.C. 485 (2017), supplementing and overruling in part 147 T.C. 460 (2016). Written approval of the initial penalty determination under sec. 6751(b)(1) must be obtained before the first formal communication of penalties. Clay v. Commissioner, 152 T.C. 223, 249 (2019). The sec. 6662 accuracy-related penalties determined in the notice of deficiency were properly approved as required by sec. 6751(b), and respondent has proven sufficient facts to satisfy the burden of production as to that issue.

taxpayer's efforts to assess the proper tax liability, (2) the knowledge and experience of the taxpayer, and (3) reliance on the advice of a tax professional. Sec. 1.6664-4(b)(1), Income Tax Regs. An honest misunderstanding of the law that is reasonable in the light of the facts and circumstances may support a conclusion that a taxpayer acted with reasonable cause and in good faith with respect to a reported position. Id.; see Higbee v. Commissioner, 116 T.C. at 448-449. Generally, the most important factor is the extent of the taxpayer's efforts to assess his or her proper tax liability. Sec. 1.6664-4(b)(1), Income Tax Regs. Statutory complexity alone does not constitute reasonable cause. Barnes v. Commissioner, T.C. Memo. 2012-80, 2012 WL 952760, at *15, aff'd, 712 F.3d 581 (D.C. Cir. 2013).

Petitioners omitted substantial amounts of income for the years in issue and failed to adequately support claimed deductions. There is no doubt that petitioners' recordkeeping was poor to nonexistent. They made little if any effort to keep adequate records after starting a Schedule C business activity. Petitioners failed to establish reasonable cause for the positions taken on the joint tax returns. Nor did they make a reasonable, good-faith effort to correctly assess their tax liabilities. There is no evidence in the record that petitioners relied on a tax professional in preparing their tax returns for the years in issue. On the basis of

our findings, respondent's determination as to the applicability of the accuracy-related penalties is sustained to the extent of the underpayments decided for tax years 2014 and 2015.

We have considered all of petitioners' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.